

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-95,512-01

### EX PARTE KENDRICK JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1623904-A IN THE 183RD DISTRICT COURT
### OF HARRIS COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time petition for discretionary review. I write separately to, yet again, emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding the right to file a *pro se* PDR following resolution of a direct appeal. In this case, appellate counsel failed to timely inform Applicant of this right, thereby depriving Applicant of his ability to pursue review in this Court. This situation happens far too frequently and is a troubling sign that far too many appellate attorneys are routinely failing to carry out their duties in this regard, resulting in unfairness to clients and

excessive post-conviction litigation to correct such errors. In this case, Appellate counsel claims his failure resulted from a clerical mistake in his office. This is a very common reason given by attorneys that is wholly unacceptable because such mistakes are readily and easily avoidable. As I have said before on multiple occasions, attorneys need to implement safeguards to avoid these simple mistakes that result in a waste of time and resources and deprive applicants of a due process right.

## I.    Background

On November 8, 2021, a jury convicted Applicant of murder and sentenced him to life imprisonment.[1] On direct appeal, Applicant challenged the trial court's ruling on a motion to suppress evidence from a cell phone found near Applicant when he was arrested. On October 19, 2023, the First Court of Appeals issued its opinion holding that Applicant lacked standing to challenge the constitutionality of the search and seizure of the cell phone, thereby resulting in affirmance of the trial court's judgment. *Johnson v. State*, No. 01-21-00636-CR, 2023 WL 6884173, at *1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2023, no pet.) (mem. op., not designated for publication). Because no motion for rehearing was filed in the court of appeals, the deadline to file a petition for discretionary review occurred 30 days later. *See* TEX. R. APP. P. 68.2(a). However, no petition was filed.

In the instant post-conviction habeas application, Applicant alleges that appellate counsel did not inform him of the court of appeals's decision, or of his right to file a *pro se* PDR, until sometime after the mandate issued on December 29, 2023—more than a

---

[1] *See* TEX. PENAL CODE § 19.02.

month after the deadline to file a PDR had passed. Applicant now seeks relief in the form of an out-of-time PDR, contending that, but for appellate counsel's failure to timely notify him of the court of appeals's decision, he would have timely filed a *pro se* PDR with this Court.

In response to the allegations, appellate counsel provided an affidavit stating that due to a clerical error in his office, he did not know that Applicant's conviction had been affirmed until after the mandate was issued. Nonetheless, appellate counsel acknowledges that as a result of the error, he "failed to comply with TRAP Rule 48.4's requirements to, *inter alia*, timely send a copy of the direct appeal opinion and judgment to [Applicant] and to notify him of his right to file a pro se petition for discretionary review."

The habeas court found that appellate counsel failed to comply with Rule 48.4 and that but for counsel's error, Applicant would have timely filed a *pro se* PDR. Accordingly, the habeas court recommends that this Court grant Applicant an out-of-time PDR.

## II.    Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has the duty to timely notify him of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008)

(detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). As Rule 48.4 clearly states, appellate counsel *must* "*within five days* after the opinion is handed down": (1) send a copy of the court of appeals's opinion *and* written notification of the defendant's right to pursue a *pro se* PDR; and (2) send that notification via certified mail, with a return receipt requested. Further, counsel must also send the court of appeals a letter certifying compliance with Rule 48.4.

In this case, it is apparent that appellate counsel failed to comply with Rule 48.4 by failing to send Applicant timely notification of the court of appeals's decision. This, by itself, justifies granting Applicant an out-of-time PDR. *See Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Normally, when an appellant is not informed of the decision of the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel."). Moreover, the record indicates that appellate counsel did not inform Applicant of his right to file a *pro se* PDR until more than a month after the deadline to file had passed. But as the language of Rule 48.4 makes clear, appellate counsel must inform his client of that right within five days of the court of appeals's decision being issued. *See* TEX. R. APP. P. 48.4. Thus, appellate

counsel's failure to timely inform Applicant of his right to file a *pro se* PDR constitutes an independent basis for finding appellate counsel ineffective in this case. *See Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006). Accordingly, appellate counsel's failure to comply with Rule 48.4 deprived Applicant of an entire proceeding, such that he is entitled to an out-of-time PDR. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005) ("Losing the right to file a PDR constitutes the deprivation of that entire proceeding.").

## III.     Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, in representing a client, a lawyer "shall not neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1).

Ultimately, appellate counsel's failure to timely communicate with Applicant about the status of his case fell short of the standards of professionalism set forth in the disciplinary rules. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But based on the sheer volume of cases

in which this or similar problems arise, it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay abreast of case developments and timely communicate with their clients. *See* Tex. Jud. Code Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that by bringing attention to this issue, attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

## IV.  Conclusion

With these comments, I join the Court's opinion granting relief.

Filed: June 12, 2024

Publish